UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHERRI ROSE PETERSON,

                Plaintiff,

      v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

                Defendant.

Case No. C17-1520 MJP

**ORDER REVERSING AND REMANDING THE CASE FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

    Plaintiff Sherri Rose Peterson seeks review of the denial of her July 19, 2013, application for Supplemental Security Income (SSI) Benefits. Plaintiff contends the ALJ committed four reversible errors: (1) The ALJ incorrectly rejected the opinions of Anselm Parlatore, M.D., and Ellen Walker, Ph.D., about mental limitations, and gave too much weight to the opinions of Diane Fligstein, Ph.D.; (2) The ALJ failed to develop the record regarding plaintiff's physical impairments, and erred in rejecting Shannon Boustead's, M.D., opinions about her physical limits; and (3) the ALJ impermissibly relied upon vocational expert testimony that conflicted with the DOT. Dkt. 11 at 1. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff has filed three prior applications for SSI. Tr. 15. Each application was denied. *Id.* In this case, plaintiff seeks review of the SSI application she filed on July 19, 2013. After the 2013 application was denied initially and on review, the ALJ held a hearing on October 15, 2015. Plaintiff initially alleged disability beginning January 1, 2000. At the hearing, plaintiff, on advice of counsel, amended her disability onset date to July 19, 2013. The ALJ held the hearing open for 14 days for submission of additional evidence, which the ALJ received and considered. The ALJ also attempted to develop the record further regarding plaintiff's physical complaints by having a consultative examination performed. Tr. 16. Unfortunately, plaintiff did not appear for the examination because she was incarcerated at the Yakima County Jail. *Id.* After plaintiff was released from jail, she could not be located, and the consultative examination thus did not occur. *Id.* On August 23, 2016, the ALJ issued a decision finding plaintiff not disabled. Tr. 15-30. The Appeals Council denied review, and plaintiff filed the present action seeking review of the 2016 decision finding her not disabled.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process, set forth in 20 C.F.R. §§ 404.1520, 416.920, the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since July 19, 2013.

**Step two:** Learning disorder, anxiety disorder, affective disorder, personality disorder, anxiety disorder, substance abuse disorder, lumbar and cervical degenerative disease, status post cervical laminectomy (July 2014) with ongoing spinal stenosis and status post amputation of distal tip of left index finger are severe impairments.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment. *See* 20 C.F.R. §§ 404.1520, 416.920.

**Residual Functional Capacity:** Plaintiff can perform less than the full range of light work. She can lift/carry 20 pounds occasionally and 10 pounds frequently; she can sit,

and stand/walk for six hours; she has no limits in pushing and pulling; she can occasionally climb ladders, ropes, or scaffolds. She can seldom reach overhead. She must avoid concentrated exposure to vibration, gases, odors and poor ventilation. She can perform simple routine tasks and follow simple short instructions. She can do work needing little or no judgment. She can do simple duties learned on the job. She has average ability to do sustained work in ordinary work settings on a regular and continuous basis (8 hours for five days a week). She can have occasional interactions with coworkers and supervisors. She can work in close proximity to coworkers but not in a cooperative or team effort. She can tolerate occasional work setting changes. She cannot work with the public as in a sales position or where the public is frequently encountered as an essential element of the work process but incidental contact with the public is not precluded.

**Step four:** Plaintiff has no past relevant work.

**Step five:** Plaintiff can perform other jobs that exist in significant numbers in the national economy and thus is not disabled.

Tr. 15-30. The ALJ's decision is the Commissioner's final decision because the Appeals Council denied review. Tr. 1. The rest of the procedural history is not relevant to the outcome of the case and is thus not recounted.

## DISCUSSION

**A. The ALJ's Assessment of Plaintiff's Mental Limitations**

Plaintiff contends the ALJ's finding that she has "an average ability to perform sustained work activities" fails to account for limitations the medical evidence establishes. Dkt. 11 at 2 (quoting Tr. 21). Plaintiff first argues the ALJ erred in rejecting the opinions of Anselm A. Parlatore, M.D.

### *1. Dr. Parlatore*

Dr. Parlatore examined plaintiff in September 2013. Tr. 322-26. The doctor diagnosed plaintiff with learning disorder, alcohol abuse in remission, and personality disorder and assessed a GAF score of 45. Dr. Parlatore opined plaintiff's memory, concentration, pace and persistence were markedly affected by her symptoms; plaintiff cannot perform activities within a schedule or

maintain regular attendance; plaintiff cannot communicate and perform effectively in the workplace, or maintain appropriate behavior in a work setting to a marked degree; and that she cannot complete a normal workday or workweek. Tr. 325-26.  Dr. Parlatore also found no evidence of "feigning or factitious behavior," and that "there did not appear to be any evidence of the claimant exaggerating symptoms." *Id*. at 326.

The ALJ rejected Dr. Parlatore's opinions on the grounds the doctor "made no mention of the claimant's extensive drug and alcohol abuse apart from her having a DUI and her subjective report of never using IV drugs which is contradicted by the record." Tr. 28.  The extent to which a doctor is familiar with other information in a claimant's case record is a relevant factor in deciding the weight to give to a medical opinion. *See* 20 C.F.R. § 404.1527(d)(6).  Hence the ALJ may discount medical opinions that fail to properly account for the impact of substance abuse on a claimant's limitations. *See*, *e.g.*, *Oviatt v. Comm'r of Social Sec. Admin.*, 303 Fed Appx 519, 522 (9th Cir. 2008) (ALJ properly rejected doctor's opinion that claimant's limitations were **not** caused by current or past substance abuse or dependence where it rested upon information incorrectly reported by the claimant).

Here, however, there is no evidence Dr. Parlatore's opinions are tainted because he lacked sufficient information about plaintiff's drug use.  Unlike the doctor in *Oviatt*, Dr. Parlatore did not render an opinion that plaintiff's limits were **not** caused by substance abuse. Rather the record in this case does not indicate plaintiff's limitations flow from substance abuse. There is no evidence plaintiff was under the influence when Dr. Parlatore evaluated her.  The ALJ did not find plaintiff's drug use was disabling, and that the ALJ needed to segregate drug use from plaintiff's other limitations in assessing her ability to work as required by 20 C.F.R. §§ 404.1535(a), and 416.935(a).  In short, there is no evidence that Dr. Parlatore's lack of

knowledge about the extent of plaintiff's drug use has any bearing on his opinions. The ALJ accordingly erred in rejecting Dr. Parlatore's opinions on the grounds that he made no mention of her extensive drug use.

The ALJ also rejected Dr. Parlatore's opinions finding the doctor "relied" upon plaintiff's discredited self-reports that she "does not feel physically or mentally capable of handling the workplace environment." Tr. 28. The ALJ may discount a medical source's opinion if it is based "to a large extent" on a claimant's self-reports and not on clinical evidence, and the ALJ finds the claimant not credible. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). However, when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Additionally, an ALJ does not provide clear and convincing reasons for rejecting an examining doctor's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports her ultimate opinion with her own observations. *See Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199–1200 (9th Cir. 2008) (citing *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001)).

Additionally, "psychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields. Diagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient. But such is the nature of psychiatry." *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). For this reason, the Court in *Buck* noted "the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness." *Id.*

Here, Dr. Parlatore did not discredit plaintiff's complaints or find she was exaggerating her symptoms. He of course noted what plaintiff told him. But his opinions about her

limitations are not just a recounting of plaintiffs' statements. Rather, the doctor performed a clinical examination including a mental status examination. He made personal observations regarding her appearance, her demeanor and affect, the manner in which she responded and the normalcy of her energy level. Tr. 324. The record thus does not support a finding that Dr. Parlatore merely relied upon plaintiff's statements but instead shows he reached his opinions following a professional mental health evaluation. The record does not establish he deviated from standard professional norms in assessing plaintiff. The ALJ therefore erred in rejecting the doctor's opinions on the grounds he "relied" upon plaintiff's statements.

### *2.  Ellen L. Walker, Ph.D.*

Plaintiff also contends the ALJ erred in rejecting Dr. Walker's opinions which are very similar to Dr. Parlatore's opinions. Dkt. 11 at 5-6. The ALJ discounted Dr. Walker's opinions as "not consistent with other reports in the medical record." Tr. 28. This conclusory reason is insufficient. *See Regennitter v. Comm'r Soc. Sec. Admin.*, 166 F.3d 1294, 1299 (9th Cir. 1999) (conclusory reasons will not justify an ALJ's rejection of a medical opinion).

The ALJ also rejected Dr. Walker's opinions for the same reasons she rejected Dr. Parlatore's opinions. Tr. 28. As discussed above, the ALJ erred in doing so. And finally, the ALJ rejected Dr. Walker's opinions because she "failed to provide any objective mental status examination findings to support her statements regarding the claimant' difficulties focusing and concentrating…." *Id.* However, to simply "say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity" circuit law requires. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988). The ALJ accordingly erred in rejecting Dr. Walker's opinions.

### 3. *Diane Fligstein, Ph.D.*

Plaintiff contends the ALJ erred in giving too much weight to Dr. Fligstein's opinions. Dkt. 11 at 3. The opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of an examining doctor. *Pitzer v. Sullivan*, 908 F.2d 502, 506, n. 4; *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). Because the ALJ erred in rejecting the opinions of examining doctors Walker and Parlatore, the Court cannot affirm the ALJ based upon Dr. Fligstein's non-examining opinions.

### B. The ALJ's Assessment of Physical Limitations and Duty to Develop the Record

Plaintiff argues the ALJ erred in rejecting the opinions of Shannon Boustead, M.D., about plaintiff's physical limitations, Dkt. 11 at 12-14, and in failing to develop the record post-hearing. *Id.* at 9. These two issues are interrelated in that the ALJ specifically scheduled a post hearing examination to further develop the record as to plaintiff's physical complaints. Tr. 16.

As discussed above, the ALJ harmfully erred, and the case must be remanded for further proceedings. The ALJ already determined that the record regarding plaintiff's physical complaints requires further development. It would therefore be appropriate, on remand, for the ALJ to do so, just as the ALJ intended in 2016. Because the evidence regarding plaintiff's physical complaints and limitations will be developed further on remand, Dr. Boustead's opinions regarding plaintiff's physical limitations would necessarily require reassessment on remand.

### C. The ALJ's Step Five Findings

Plaintiff contends the ALJ's step five findings are deficient because the vocational expert was asked hypothetical questions that did not include all of plaintiff's limitations, and the expert gave testimony that conflicts with the DOT. Dkt. 11 at 6-7. The Court need not discuss these

ORDER REVERSING AND REMANDING
THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 7

contentions because the Court is reversing the Commissioner's final decision, and the ALJ will make step five findings based upon the evidence and findings arising from the new administrative hearing.

## CONCLUSION

The Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall find reassess the opinions of Drs. Parlatore and Walker. The ALJ shall develop the record as necessary, and at a minimum order another consultative examination to further develop the evidence regarding plaintiff's physical limitations. In view of the newly developed evidence, the ALJ shall reassess Dr. Boustead's opinions about plaintiff's physical limitations. The ALJ shall reassess plaintiff's RFC as needed, and proceed to step five as appropriate.

DATED this 18th day of June, 2018.

Marsha J. Pechman
United States District Judge